

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTH DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ERLY Industries, Inc.** § | | Case No. 98-21515-C-11 |
| Debtor § | | (Chapter 11) |
| | | |
| **Watch-Edge International, Inc.** § | | Case No. 98-21895-C-11 |
| Debtor § | | (Chapter 11) |
| | | |
| **American Rice, Inc.** § | | Case No. 98-21254-C-11 |
| Debtor § | | (Chapter 11) |

ORDER GRANTING EMERGENCY MOTION TO APPROVE
COMPROMISE AND SETTLEMENT PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9019

On the date indicated below, the Court considered the Motion of ERLY Industries, Inc. ("ERLY"), Watch Edge International, Inc. ("WEI"), American Rice, Inc. ("ARI"), and the Official Committee of Unsecured Creditors of ERLY Industries, Inc. (the "Committee") to Approve Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"). The Court, after considering the evidence, the pleadings and the arguments of counsel, finds and concludes as follows:

1. The Court has jurisdiction over the Motion pursuant to provisions of 28 U.S.C. § 1334. The Motion constitutes a "core" proceeding within the meaning of 11 U.S.C. § 157(b)(2)(A), (B), (K) and (O). Federal Rule of Bankruptcy Procedure 9019 provides for the relief requested in the Motion.

2. Notice and service of the Motion were proper.

3. Cause exists for granting the Motion on an emergency basis.

4. This Court is currently the forum for Chapter 11 reorganization proceedings of three affiliated entities – ARI, ERLY and WEI. All three debtor entities and the U.S. Trust Company of

Texas, N.A. (the "<u>Indenture Trustee</u>") assert various disputed claims against one another and defenses thereto.

    5.    Each of the moving parties have investigated the claims and defenses asserted by the debtor entities, as well as the claims and defenses applicable to the Indenture Trustee's claims against ARI and ERLY.

    6.    The Settlement Agreement, a copy of which was attached to the Motion as <u>Exhibit "A"</u>, contains the terms of the parties' agreement.

    7.    Five factors traditionally utilized to review a settlement are:

    (a)    The probability of success of the merits in the litigation.

    (b)    The difficulties in collection of any resulting judgment;

    (c)    The complexity and expense of the litigation and the inconvenience and delay likely in attending it;

    (d)    The interests of the creditors; and

    (e)    Whether conclusion of the litigation promotes the integrity of the judicial system.

The Court finds and concludes that these five factors, as well as other considerations, weigh in favor of approving the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019. It is therefore

    ORDERED, ADJUDGED AND DECREED that the Motion is in all things GRANTED. It is further

    ORDERED, ADJUDGED AND DECREED that the execution by ARI, ERLY and WEI of the Settlement Agreement is hereby approved. It is further

    ORDERED, ADJUDGED AND DECREED that the Indenture Trustee, ARI, WEI, ERLY, the Committee and the ARI Bondholders Committee (as defined in the Settlement

ClibPDF - www.fastio.com

Agreement) are entitled to the rights, benefits and protections afforded to the respective parties under the Settlement Agreement. And it is further

ORDERED ADJUDGED AND DECREED that all parties shall take whatever steps are necessary to carry out the terms of the Settlement Agreement.

Dated: __JUL 1 2 1999__

_____
UNITED STATES BANKRUPTCY JUDGE